DANIEL CASILLAS, ESQ., SBN 110298
Attorney at Law
225 Broadway, Suite 2100
San Diego, California 92101
Tel: (619) 237-3777
Fax: (619) 236-0527
Email: attydtc@hotmail.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# (HONORABLE THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>TINA KEMI OLUFEMI,<br><br>   Defendant. | Case No. 3:18CR02682-W<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: December 13, 2021<br>Time: 9:00 AM |

COMES NOW the defendant TINA KEMI OLUFEMI, by and through her counsel Daniel Casillas, and respectfully submits Defendant's Sentencing Memorandum.

## I.
## SENTENCING RECOMMENDATION

Defendant Tina Kemi Olufemi (hereinafter "Ms. Olufemi") is before the court for sentencing after entering a guilty plea to the single-count information charging her with fraud and misuse of entry document, in violation of Title 18, United States Code, Section 1546(a). The offense was committed on or about November 29, 2012.

Ms. Olufemi was arrested on May 1, 2018, and on June 19, 2018, she was released on a $10,000 personal surety bond after serving 50 days in presentence

custody. Ms. Olufemi resides in San Diego, California, and is being supervised by this district. She has remained law-abiding and has abided by all terms and conditions of her release.

Ms. Olufemi is 43 years old and a citizen of Nigeria who was granted asylum in the United States on March 26, 2014. She never had the opportunity to attend formal schooling in Nigeria because her parents could not afford it. She is unable to read and write in her native language and speaks some English. She had a tragic life in Nigeria and suffered physical abuse from her husband through an arranged marriage when she was 15 years old.

Here, the parties and the probation officer in the Presentence Investigation Report (PSR) agree that Ms. Olufemi should be sentenced to a time served sentence (50 days served in presentence custody). The relevant factors in this case support this recommendation and it is a sentence that is "sufficient but not greater than necessary," to comply with the goals of sentencing set forth in Title 18, United States Code, Section 3553(a).

## II.
## SENTENCING RECOMMENDATION

A.  **CALCULATION OF THE ADVISORY GUIDELINE RANGE**

   1.  **Plea Agreement Summarized**

In exchange for Ms. Olufemi's guilty plea and waiver of her trial and most appellate rights, the parties have agreed to recommend the following Base Offense Level, Specific Offense Characteristics, adjustments and departures:

   1.   Base Offense Level, USSG § 2L2.2(a)                                 8
   2.   Acceptance of Responsibility, USSG § 3E1.1(a)                      -2

In addition, the parties agreed that Ms. Olufemi may request or recommend additional adjustments and departures under the United States Sentencing Guidelines, as well as variances from the sentencing guidelines under Title 18, United States Code, Section 3553.

The government agreed to recommend that Ms. Olufemi be sentenced to a time served sentence.

**2.    Downward Departures.**

The defense will not recommend downward departures since Ms. Olufemi's guideline range is 0 to 6 months and the parties and the probation officer recommend a time served sentence.

**3.    Criminal History.**

Ms. Olufemi has a criminal history score of 0, which results in a Criminal History Category of I.

**4.    Sentencing Guideline Range.**

A total adjusted offense level of 6 for Ms. Olufemi and a Criminal History Category of I results in a sentencing guideline range of 0 to 6 months. After determining the final advisory guideline range, this Court must then determine what sentence is appropriate under 18 U.S.C. § 3553. The parties and probation recommend that the Court sentence Ms. Olufemi to a time served sentence. This recommendation is consistent with the sentencing factors under Title 18, United States Code, Section 3553.

**B.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553**

The weight given various factors at sentencing under 18 U.S.C. § 3553(a) is within the district court's discretion. *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

**1.    Nature and Circumstances of the Offense.**

The nature and circumstances of the instant offense are that on November 29, 2013, Ms. Olufemi submitted Form I-589 Application for Asylum and for Withholding of Removal. She answered "No" to the question "Have you, your children, your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?" Ms. Olufemi knew her statement was untrue as she had applied for refugee status on June 21, 2012.

## 2. History and Characteristics of the Defendant.

Ms. Olufemi is 43-years-old and was born and raised in Kabba, Kwara, Niegeria, the second of two children born to her parents. Her father was a farmer and unable to financially support the family. Her parents gave Ms. Olufemi's older sister, Olusola, to another, more financially stable, family because they could not afford to feed her. Olusola was able to attend school and remained in close contact with Ms. Olufemi. Ms. Olufemi's parents are deceased; her father died in 2011 and her mother died in 2018. Her sister Olusola resides in Katsima, Nigeria, and works as a tutor.

Due to her family's poverty, Ms. Olufemi did not attend school and never received a formal education. She is unable to read and write in her native language.

When Ms. Olufemi was 15-years-old her parents sold her to man 18 years her senior as part of an arranged marriage. When she arrived in his home she discovered he was a Muslim and already had two wives and multiple children. Ms. Olufemi is a Christian and her husband routinely beat her with his fists and a broom because of her Christian beliefs. Ms. Olufemi has two children, aged 22 and 17, by her husband.

After one beating from her husband Ms. Olufemi ran away from the home and was struck by a passing motorcycle, resulting in scars on her right foot and leg. She still experiences pain in her right leg due to the collusion with the motorcycle. Ms. Olufemi has scars on her back from her husband beating her with a broom. She also suffers chest pain from her husband repeatedly punching her, as well as stomach pain.

Ms. Olufemi also suffers from unresolved emotional issues relating to her childhood, marriage, abuse from husband, separation from her children, her mother's death, and current legal problems. She also suffers from low self-esteem due to her illiteracy and feelings of wothlessness.

Ms. Olufemi left Nigeria in around 2010 and arrived in South America, traveling with a group from Somalia. She resided in a refugee camp in Costa Rica for less than a year then traveled through Central American and Mexico. During her travels Ms. Olufemi was sexually assaulted and witnessed a man drown. On April 23,

2013, she arrived at the Otay Mesa, Califoria, port of entry. She has resided in San Diego since being granted asylum on March 26, 2014.

Ms. Olufemi was employed as a housekeeper by the US Grant Hotel in San Diego from 2014 until her arrest in this case in May 2018. Following her release from custody she has been employed as a caregiver by 24HR Homecare in San Diego.

Ms. Olufemi is currently single. When she left Nigeria her two children were cared for by her mother. When her mother died in 2018 her children were taken care of by Ms. Olufemi's sister. Due to the violence in the Nigeria, her children were relocated to live with a distant relative in another part of Nigeria.

In 2019 Ms. Olufemi was in a romantic relationship with a man who resides in Dallas, Texas, but he abandoned her in December 2019 when he learned she was illiterate.

### 3. Need for the Sentence Imposed.

Among the several factors included under 18 U.S.C. § 3553 (a) (2) is the need to reflect the seriousness of the offense and promote respect for the law. In this case, Ms. Olufemi voluntarily pled guilty and expressed remorse and regret for committing the instant offense.

### 4. Recommendation.

A sentencing court should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S. Ct.568, 598 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)).

Here, in considering Ms. Olufemi as a unique individual and her human failings as exhibited in this case, the defense believes a mitigation of her punishment is warranted.

The parties and the probation officer recommend that the Court sentence Ms. Olufemi to a time served sentence. The relevant factors in this case support this recommendation and it is a sentence that is "sufficient but not greater than

necessary," to comply with the goals of sentencing set forth in Title 18, United States Code, Section 3553(a).

## II.
## CONCLUSION

For the foregoing reasons, defendant TINA KEMI OLUFEMI, by and through her counsel Daniel Casillas, respectfully requests that the Court sentence her to a time served sentence, that is, 50 days in custody.

Dated: December 6, 2021                         Respectfully submitted,


     *s/ Daniel Casillas*
DANIEL CASILLAS
Attorney for Defendant
TINA KEMI OLUFEMI